A CERTIFIED TRUE COPY

OCT 19 2005

ATTEST [signature]
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**DOCKET NO. 1586**

**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE MUTUAL FUNDS INVESTMENT LITIGATION**

*Lydia Maxwell v. PIMCO Funds Multi-Manager Series*, C.D. California, C.A. No. 8:05-479
*David Rothschild v. Federated American Leaders Fund, Inc., et al.*, W.D. Pennsylvania,
  C.A. No. 2:05-896
*Darrell V. McGraw, Jr. v. Aim Advisors, Inc., et al.*, N.D. West Virginia, C.A. No. 5:05-78

**BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,\* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL**

## TRANSFER ORDER

Presently before the Panel are motions by plaintiffs in these actions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the Panel's orders conditionally transferring the actions to the District of Maryland for inclusion in the Section 1407 proceedings occurring there in this docket. Defendants favor inclusion of these actions in MDL-1586 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions share sufficient questions of fact with actions in this litigation previously transferred to the District of Maryland. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs' pending or anticipated motions to remand to state court can be presented to and decided by the transferee judges. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the District of Maryland was a proper Section 1407 forum for actions arising out of allegations of market timing and/or late trading in the mutual fund industry. *See In re Mutual Funds Investment Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004).

---

\* Judge Motz took no part in the decision of this matter.

I hereby attest and certify on 10-21-05 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

FELICIA C. CANNON
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

By [signature] Deputy

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable J. Frederick Motz, Andre M. Davis, and Catherine C. Blake for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman